## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EDUARDO TOMEO, JERARDO
CHAGOYA, JORGE A. RODRIGUEZ, and
TAKEO OSHIMA, on behalf of themselves
and all other similarly situated persons,
known and unknown,

            Plaintiffs,

v.

W&E COMMUNICATIONS, INC.; JORGE
CHIRINOS, individually; JORGE
RAMIREZ, individually; TELECOM
CONSTRUCTION DEVELOPMENT LLC;
SANDRA MEEK, individually; CAVO
BROADBAND COMMUNICATIONS,
LLC.; and COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC.

            Defendants.

Case No. 14-cv-2431

Judge Gary Feinerman

Magistrate Judge Daniel G. Martin

### DEFENDANT COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S
### ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

     Defendant Comcast Cable Communications Management, LLC ("Comcast"), by and

through its attorneys, Morgan, Lewis & Bockius, LLP, answer Plaintiffs' Second Amended

Complaint ("Complaint") as follows:

### NATURE OF ACTION

     1.     This is a collective action arising under the Fair Labor Standards Act, 29 U.S.C.

§ 201, *et seq.* ("FLSA"), and an individual action on behalf of the Named Plaintiffs under the

Illinois Minimum Wage Law, 820 Ill. Comp. Stat 105/1, *et seq.* ("IMWL"), and the Illinois

Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*, ("IWPCA"), for

Defendants' failure to fully pay the Named Plaintiffs and the Opt-In Plaintiffs overtime wages at the proper rate, and for unlawful deductions from wages.

**ANSWER**:  Comcast admits that Plaintiffs purport to allege a collective action asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and individual actions asserting claims under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat 105/1, *et seq*. ("IMWL"), and Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq*., ("IWPCA").  Comcast denies that it violated the FLSA, IMWL, or IWPCA, and further denies the remaining allegations in Paragraph 1 of the Complaint.

2.      The Named Plaintiffs further assert claims of unjust enrichment against Comcast, and conspiracy against all Defendants.

**ANSWER**:  Comcast admits that the Named Plaintiffs purport to allege claims for unjust enrichment against Comcast and conspiracy against all Defendants.  Comcast denies that it was unjustly enriched or engaged in conspiracy, and denies the remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**:  Comcast admits the allegations contained in Paragraph 3 of the Complaint.

4.      The unlawful employment practices described herein were committed within the State of Illinois, at each of the Corporate Defendants' respective facilities, each located in Cook County. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**ANSWER**:     Comcast admits that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b).  Comcast denies that it engaged in any wrongdoing and denies the remaining allegations contained in Paragraph 4 of the Complaint.

### PARTIES

5.     Tomeo resides in this judicial district, and worked as a technician for Comcast, W&E, Chirinos, and Ramirez during the applicable statute of limitations period.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff Tomeo resides within the Northern District of Illinois.  Comcast denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.     Jerardo Chagoya resides in this judicial district, and worked as a technician for Comcast, W&E, Chirinos, and Ramirez during the applicable statute of limitations period.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Chagoya resides within the Northern District of Illinois.  Comcast denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Rodriguez resides in this judicial district, and worked as a technician for Comcast, W&E, Chirinos, and Ramirez during the applicable statute of limitations period.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Rodriguez resides within the Northern District of Illinois.  Comcast denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Oshima resides in this judicial district, and worked as a technician for Comcast, W&E, Chirinos, and Ramirez during the applicable statute of limitations period.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Oshima resides within the Northern District of Illinois.  Comcast denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.    The Opt-In Plaintiffs consist of any individual who worked as a technician for W&E and/or TCD, who worked over forty (40) hours during at least one workweek in the three years preceding the date on which they joined the lawsuit, and was not fully paid overtime at the proper rate for all hours worked in excess of forty (40) per workweek. To date, the Opt-In Plaintiffs consist of forty-four (44) individuals who are current and former technicians for W&E, who worked overtime, and who were compensated through the "Production Bonus Pay Method" described in Plaintiffs' Memorandum in Support of Summary Judgment (D.E. 97),

**ANSWER**:    Comcast admits that Paragraph 9 of the Complaint purports to identify the class of individuals who have opted into this lawsuit.  Comcast denies that a collective action under 29 U.S.C. § 216(b) is appropriate and denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    During the relevant statutory periods, each of the Named Plaintiffs and Opt-In Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, and IWPCA.

**ANSWER**:    Comcast denies the allegations in Paragraph 10 of the Complaint.

11.    During the course of their employment, the Named and Opt-In Plaintiffs handled goods that moved in interstate commerce and they were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

**ANSWER**:    Comcast denies the allegations contained in Paragraph 11 of the Complaint.

12.     W&E is an Illinois corporation that does and/or did business within this judicial district during the timeframe within the three years preceding the filing of the original Complaint in this matter, with an office in Chicago, Illinois. Upon information and belief, W&E stopped servicing Comcast customers on or around December 31, 2015.

**ANSWER**:  Comcast admits that W&E is or was an Illinois corporation.  Comcast further admits that it entered into a contract for services with W&E effective February 15, 2012, and that W&E ceased servicing Comcast customers on or around December 31, 2015.   Comcast lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of the Complaint.

13.     TCD is an Illinois corporation that does business within this judicial district, beginning in or around December 2015, with an office in Chicago, Illinois. TCD is a continuation of W&E, as described herein, and/or the "alter ego" of W&E. Evidencing TCD's status as a continuation and/or "alter ego" of W&E, Plaintiffs further state as follows:

   a.     W&E and TCD perform the same functions, namely providing installation and broadband cable services for Comcast customers;

   b.     W&E continued to serve Comcast customers after losing its direct Comcast contract in or around December 2015, by "changing its name" to TCD. Essentially, TCD picked up on providing services to Comcast customers, where W&E left off;

   c.     W&E and TCD share the same owners and primary members of management, including Chirinos, Ramirez, and Meek, and each of them simply continued performing the same jobs and duties for TCD as they had previously performed for W&E;

   d.     TCD continued to employ the majority of W&E's technicians after W&E stopped doing business in or around December 2015, used the same warehouse, drove the same trucks, performed the same services, and followed the same company policies and procedures;

   e.     TCD continued to compensate its technicians using the same "Production Bonus Method" of pay, through Penguin Data, used by W&E; and

     f.     The only material difference between W&E and TCD was that W&E had a direct contract with Comcast, while TCD performed work as a subcontractor.

**ANSWER:**    Comcast admits that W&E entered into a contract for services with Comcast as alleged in Paragraph 13, subparagraph (f) of the Complaint. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint.

     14.     Cavo is an Illinois corporation that does business within this judicial district, with four offices in Illinois and a three other offices in the Central and Southern U.S. Cavo's corporate headquarters is located in Plainfield, IL. Cavo acted as a joint employer and/or successor in liability with W&E and/or TCD from the timeframe beginning in or around December 2015 through the present day. Evidencing Cavo's status as a joint employer and/or successor in liability, Plaintiffs further state as follows:

     a.     After its initial efforts to bring in W&E as a subcontractor failed, Cavo orchestrated bringing TCD in as part of the silo structure under Cavo, for the purpose of providing products and services for Comcast customers;

     b.     At the time Cavo brought in TCD, it was aware that TCD had the same structure and management as W&E, and worked with TCD to conceal its origin from Plaintiffs; TCD exclusively received work orders from Comcast via Cavo, and is wholly dependent upon this chain of supply in order to continue performing work and maintaining a business;

     c.     TCD performed similar services as Cavo, and is in the same industry and core business, providing broadband cable services for Comcast customers;

     d.     Cavo had - and exercised - ultimate authority to make decisions regarding hiring, firing, and placing TCD technicians in the field to work;

     e.     Cavo required TCD to company with specific insurance requirements;

     f.     Cavo exerted control over routing TCD's technicians;

     g.     Cavo required TCD to conduct background checks, drug screenings, and driver's license validations as prerequisites to hiring any individual to perform work for Comcast customers; and

h.      Cavo evaluated technician performance, and had the authority to — and did — instruct TCD regarding the work that technicians were authorized to conduct based upon their performance.

**ANSWER:**      Comcast admits that Cavo is an Illinois corporation that does business within this judicial district.  Comcast further admits that Cavo has four offices in Illinois, three other offices in the Central and Southern U.S., and that Cavo's corporate headquarters is located in Plainfield, Illinois.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15.      Since in or around December 2015, TCD and Cavo have acted directly or indirectly in the interest of W&E and/or TCD with respect to the terms and conditions of the Named and Opt-In Plaintiffs' employment, and therefore are "employers" within the meaning of the FLSA and IMWL. TCD and Cavo are jointly and severally liable for unpaid wages and other relief sought in this lawsuit.

**ANSWER**:      Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.      Chirinos is an officer of W&E and TCD, and is a primary manager and functional owner of W&E and TCD.

**ANSWER**:      Comcast admits that Chirinos is or was an officer and manager of W&E. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

17.      Ramirez is another primary manager and functional owner of W&E and TCD.

**ANSWER**:      Comcast admits that Ramirez is or was a manager of W&E.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

18.     Meek is the President, owner, and member of management of TCD.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     With respect to employees working both at W&E and TCD, Chirinos and Ramirez had the authority to, and did, hire and fire employees; direct and supervise the work of employees; and make or participate in decisions regarding employee compensation. In addition, Chirinos had the authority to, and did, sign on W&E's checking accounts, including payroll accounts.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     With respect to employees working at TCD, Meek had the authority to, and did, hire and fire employees; direct and supervise the work of employees; make or participate in decisions regarding employee compensation; and sign on TCD's checking accounts, including payroll accounts.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Chirinos, Ramirez, and Meek are "employers" under the FLSA, and are jointly and severally liable for unpaid wages and other relief sought in this lawsuit.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Comcast Cable Communications Management, LLC is a provider of cable, entertainment, and communications products and services in the state of Illinois, and is a wholly owned subsidiary of Comcast Corp.

**ANSWER**: Comcast admits the allegations contained in Paragraph 22 of the Complaint.

23. W&E, TCD, and Cavo are/were in the business of installing and servicing broadband cable in the state of Illinois, and either primarily or solely performed work on behalf of Comcast.

**ANSWER**: Comcast admits that it entered into contracts with W&E and Cavo for the performance of certain services. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

24. Comcast entered into a written "Preferred Vendor Agreement for Broadband Installation/Disconnection/Construction" ("PVA") with W&E, which was effective from on or around February 15, 2012 until on or around December 31, 2015. The PVA between W&E and Comcast is attached as Ex. A.

**ANSWER**: Comcast admits that it entered into a contract for services with W&E titled Preferred Vendor Agreement for Broadband Installation/Disconnection/Construction and that the original contract period began February 15, 2012. Comcast further admits that it entered into amended contracts for services with W&E through December 31, 2015. Comcast further admits that a copy of the Preferred Vendor Agreement dated February 15, 2012 is attached to the Complaint as Exhibit A.

25. Upon information and belief, Comcast entered into a written PVA with Cavo, substantially identical to the PVA between Comcast and W&E, which has been effective during

the timeframe relevant to Cavo's joint employment and/or successor in liability relationship with W&E and/or TCD (i.e., in or around December 2015 through the present date).

**ANSWER**: Comcast admits that it entered into a contract for services with Cavo titled Preferred Vendor Agreement for Broadband Installation/Disconnection/Construction and that the contract was in effect as of December 31, 2015. Comcast further admits it currently has a contract for services with Cavo. Comcast denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.    TCD performs broadband cable installation and services for Comcast as a subcontractor beneath Cavo, and has done so for the duration of the timeframe relevant to TCD's relationship with W&E, which began in or around December 2015 and is ongoing.

**ANSWER**: Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.    At all times, Comcast has acted directly or indirectly in the interest of W&E, TCD, and Cavo with respect to the terms and conditions of the Named and Opt-In Plaintiffs' employment, and therefore is an "employer" within the meaning of the FLSA and IMWL. Comcast is jointly and severally liable for unpaid wages and other relief sought in this lawsuit. Evidencing Comcast's status as a joint employer and/or successor in liability, Plaintiffs rely upon facts including but not limited to the following:

a.    Comcast contracted the Named Plaintiffs' and the Opt-In Plaintiffs' services through their work with W&E, TCD, and/or Cavo;

b.    W&E, TCD, and Cavo either exclusively or primarily received work orders from Comcast, and were or are wholly dependent upon Comcast to continue performing work and maintaining business;

c.      Comcast at all times has knowledge of, and must approve, the contractors and subcontractors performing work on their behalf (including W&E, TCD, and Cavo);

d.      W&E, TCD, and Cavo all performed similar services as Comcast, and are in the same industry and core business;

e.      Customers serviced by W&E, TCD, and Cavo are, first, customers of Comcast;

f.      W&E's, TCD's and Cavo's only contact with customers is through its contact and relationship with Comcast;

g.      Comcast directly assigned work to the technicians working for W&E, TCD, and Car, including but not limited to the Named and Opt-In Plaintiffs;

h.      Comcast provided W&E's, TCD's, and Cavo's technicians with work orders through TechNet, a Comcast routing and tracking system, on a daily (or more frequent) basis;

i.      Comcast made recommendations and had requirements regarding how W&E, TCD, and Cavo should pay their employees;

j.      Comcast required that W&E, TCD, and Cavo conduct background checks, drug screenings, and driver's license validations as prerequisites to hiring any individual to perform work for Comcast customers, and prohibited the hiring of any person with a felony conviction on his or her criminal record, who appears on the • terrorist watch list, or who is listed on any sex offender registry;

k.      Comcast required W&E, TCD, and Cavo to obtain written approval prior to hiring anyone convicted of a misdemeanor offense or for whom criminal charges were pending at the time of application;

l.      Comcast made the ultimate decision with respect to hiring technicians at W&E, TCD, and Cavo, and had the authority to - and did - terminate technicians for security and other reasons.

m.      Comcast evaluated technician performance, and had the authority to - and did - instruct W&E, TCD, and Cavo regarding the work that technicians were authorized to conduct based upon their performance;

n.      Comcast had the authority to - and did - move technicians between positions at W&E, TCD, and Cavo (for instance, from a commercial to a residential technician position), without first informing or consulting W&E, TCD, or Cavo;

o.      Comcast required W&E, TCD, and Cava to be in daily communication with Comcast regarding their work on behalf of Comcast for Comcast customers;

p.      Comcast tracked technicians' work and performance on a daily basis;

q.       W&E's, TCD's, and Cavo's vehicles displayed signs, magnets, and/or decals identifying Comcast;

r.       The Named and Opt-In Plaintiffs wore uniforms featuring the Comcast name, and not featuring the names of W&E, TCD, or Cavo;

s.       Comcast provided the Named and Opt-In Plaintiffs with Comcast identification numbers and badges, without which, the Plaintiffs would not have been permitted to perform work for W&E, TCD, and/or Cavo on behalf of Comcast; and

t.       Comcast provided W&E, TCD, and Cavo with the necessary supplies and equipment to provide cable services to Comcast customers.

ANSWER:       Comcast admits that it entered into contracts for certain services with W&E and Cavo which governed the terms and conditions of the contractual relationships and set forth certain specifications for the work W&E and Cavo were to perform under the contract.  Except as expressly admitted herein, Comcast denies the allegations contained in Paragraph 28 of the Complaint.

28.       The Corporate Defendants (W&E, TCD, Cavo, and Comcast) are each an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and are each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(l)(A).

**ANSWER**:       Comcast admits the allegations contained in Paragraph 28 of the Complaint, but denies that it is Plaintiffs' employer within the meaning of the FLSA or any other law.

### FACTUAL ALLEGATIONS

29.       During the period of time including the three years preceding the filing of the original Complaint in this action through on or around December 31, 2015, W&E was a company under contract with Comcast to perform services including installing and servicing broadband cable services in the state of Illinois.

**ANSWER**:       Comcast admits the allegations contained in Paragraph 29 of the Complaint.

30.     At all times relevant to this lawsuit, Comcast operated as a joint employer and/or successor in liability to W&E/TCD, based upon facts including but not limited to those listed in Paragraph 27, above.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 30 of the Complaint.

31.     Each of the Named Plaintiffs and Opt-In Plaintiffs were employed by Comcast, W&E, Chirinos, and/or Ramirez as technicians during the statute of limitations applicable to this case, and installed and serviced broadband cable for Comcast.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 31 of the Complaint.

32.     Comcast, W&E, Chirinos, and/or Ramirez directed its technicians, including but not limited to the Named and Opt-In Plaintiffs, to perform services for both residential and commercial Comcast customers.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 32 of the Complaint

33.     Comcast, W&E, Chirinos, and/or Ramirez failed to consistently or accurately record the amount of time worked by each of their technicians.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 33 of the Complaint.

34.     Comcast used a software application called TechNet to assign, route, and track technicians during the day, as the technicians provided services to Comcast customers.

**ANSWER**:     Comcast admits that it utilizes a software application called TechNet.  Comcast denies the remaining allegations in Paragraph 34 of the Complaint.

35.     On or around November 29, 2015, Comcast terminated its PVA with W&E.

**ANSWER**:    Comcast admits that on or around November 29, 2015, Comcast notified W&E of its intent to terminate the contract between Comcast and W&E.  Comcast denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.    Following the termination of the Comcast contract, in December 2015, Chirinos and Ramirez searched for another contract through which W&E could continue servicing Comcast customers.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.    In December 2015, Meek incorporated TCD, with the input and guidance of Chirinos and Ramirez. Meek, Chirinos, and Ramirez created TCD so that W&E could effectively continue servicing Comcast customers, as described in Paragraph 13 above.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.    TCD was merely a continuation of W&E, as it was owned, operated, and managed by the same people (including Meek, Chirinos, and Ramirez); employed the same technicians; worked out of the same location; used the same trucks and equipment; and implemented the same policies, procedures, and practices as W&E had used at the end of 2015.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.    TCD obtained a contract to provide services for Comcast customers, officially through Shoreline Management & Development Corp. ("Shoreline"), a subcontractor of Cavo.

However, in fact, Cavo was instrumental in obtaining a contract for TCD to perform work for Comcast customers, and had direct control over TCD employees on a daily basis.

**ANSWER**:    Comcast admits that Shoreline Management & Development Corp. was an approved subcontractor of Cavo.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint.

40.    Cavo acted as a joint employer and/or successor in liability to W&E and/or TCD, based upon facts including but not limited to those set forth in Paragraph 14, above.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.    At all times relevant to this lawsuit, technicians receiving their paychecks from W&E and/or TCD typically worked long hours, approximately 10-12 hours per day, 5-6 days per week.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.    At all times relevant to this lawsuit, W&E and/or TCD calculated technician compensation using the "Production Bonus Pay Method" suggested by W&E and TCD's payroll administrator, Penguin Data.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.    Originally, Comcast had been the one to suggest to W&E that W&E use Penguin Data as a payroll administrator.

**ANSWER**:    Comcast denies the allegations contained in Paragraph 43 of the Complaint.

44.     Pursuant to the Production Bonus Pay Method, technicians were paid a base hourly rate, and also a "production bonus" based ostensibly upon productivity.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     In practice, the method that W&E and TCD used to calculate its technicians' compensation falsely lowered the technicians' regular rate of pay, and resulted in a lower overtime payment for hours worked in excess of 40 hours per week, compared to what a proper calculation of the regular rate would have yielded.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Due to Defendants' poor tracking and recordkeeping practices, Defendants failed to compensate the Named and Opt-In Plaintiffs for all hours actually worked.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants failed to fully compensate the Named and Opt-In Plaintiffs at the proper overtime rate for all hours worked in excess of forty per week.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by statute. Specifically:

a.     W&E failed to make an adequate inquiry into whether its compensation practices and policies complied with the FLSA and/or IMWL;

b.     W&E failed to seek legal guidance regarding its compensation practices prior to implementing them;

    c.      TCD continued to compensate its technicians in the manner used by W&E, despite having knowledge that the Production Bonus Pay Method" was subject to a lawsuit regarding its compliance with federal and state law;

    d.      Chirinos, Ramirez, and Meek either purposefully or recklessly failed to make an adequate inquiry into whether their pay practices violated federal and state law; and

    e.      Cavo and Comcast either purposefully or recklessly failed to make an adequate inquiry into whether W&E and TCD's pay practices violated federal and state law.

**ANSWER**:    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraphs (a) through (d) of Paragraph 48 of the Complaint. Comcast denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.    The Defendants knew or were aware, or should have known, that the Named and Opt-In Plaintiffs routinely worked more than 40 hours per week.

**ANSWER**:    Comcast denies the allegations contained in Paragraph 49 of the Complaint.

50.    The Defendants knew or should have known about their obligations to compensate their technicians at the proper overtime rate for hours worked in excess of forty (40) per week.

**ANSWER**:    Comcast denies the allegations contained in Paragraph 50 of the Complaint.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**(Collective Action by all Named and Opt-In Plaintiffs against All Defendants)**

51.    The Named Plaintiffs incorporate the above paragraphs as though fully set forth herein.

**ANSWER**:    Comcast restates and incorporates by reference its answers to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.     This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to fully pay the Named Plaintiffs and the Opt-In Plaintiffs overtime wages at the proper rate for all hours worked in excess of forty (40) per workweek.

**ANSWER**:     Comcast admits that Plaintiffs purport to allege claims under the FLSA, 29 U.S.C. § 201, *et seq.*, for failure to pay for all overtime wages.  Comcast denies that it violated the FLSA and further denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 - 207. The Named Plaintiffs attach as **Group Exhibit B** their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

**ANSWER**:     Comcast admits that 29 U.S.C. § 216(b) provides for a cause of action for failure to comply with 29 U.S.C. §§ 206-207, but denies that it failed to comply with 29 U.S.C. §§ 206-207 and denies that a collective action is appropriate under 29 U.S.C. § 216(b).  Comcast admits that attached to the Complaint as Exhibit B are Notices of Consent to Become a Party Plaintiff in a Collective Action.

54.     Upon information and belief, and as described herein, the Corporate Defendants were operated for a common business purpose, specifically providing broadband cable services to Comcast customers. The contractors and subcontractors under Comcast, namely Cavo, W&E, and TCD, were owned and operated by the same group of people, shared and transferred employees amongst one another, engaged in other related activities, and thus were part of a single integrated "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r).

**ANSWER**:     Comcast denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 55 of the Complaint.

56.     The members of the Opt-In Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 56 of the Complaint.

57.     Upon information and belief, all of the Defendants employed and shared technicians' services, shared direct or indirect control over technicians, and acted in the interest of one another, and thus did and do constitute a joint employer as defined by relevant U.S. Department of Labor Regulations and interpreted in the applicable case law.

**ANSWER:**     Comcast denies the allegations contained in Paragraph 57 of the Complaint.

WHEREFORE, Plaintiffs Eduardo Tomeo, Jerardo Chagoya, Jorge A. Rodriguez, and Takeo Oshima, on behalf of themselves and all Opt-In Plaintiffs, known and unknown, respectfully request that this Court enter an order as follows:

a)     Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)     Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c)     Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)      Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)      Awarding such additional relief as the Court may deem just and proper.

**ANSWER**:     Comcast denies that Plaintiffs are entitled to any relief whatsoever, and further denies the allegations contained in the WHEREFORE Paragraph of the Complaint.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
**(Individual Claim by all Named Plaintiffs against Comcast, W&E, Chirinos, and Ramirez)**

58.     Plaintiffs incorporate the above paragraphs as though fully set forth herein.

**ANSWER**: Comcast restates and incorporates by reference its answers to Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     This Count arises from Comcast, W&E, Chirinos, and Ramirez's (collectively, the "IMWL Defendants") violation of the IMWL, 820 Ill. Comp. Stat. 10511, *et seq.*, for their failure to pay the Named Plaintiffs wages for all hours worked in excess of forty (40) per workweek.

**ANSWER**:     Comcast admits that the Plaintiffs purport to allege claims for violation of the IMWL, 820 ILCS § 105/11, *et seq.* Comcast denies that it violated the IMWL and further denies the remaining allegations in Paragraph 59 of the Complaint.

60.     Pursuant to the IMWL, for all weeks during which the Named Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated with overtime wages.

**ANSWER**:     Comcast admits that Paragraph 60 accurately summarizes the IMWL's overtime requirements. Comcast denies that it engaged in any wrongdoing and further denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. The IMWL Defendants violated the IMWL by failing to compensate the Named Plaintiffs with overtime wages all hours worked in excess of forty (40) per workweek.

**ANSWER**: Comcast denies the allegations contained in Paragraph 61 of the Complaint.

WHEREFORE, Plaintiffs Eduardo Tomeo, Jerardo Chagoya, Jorge A. Rodriguez, and Takeo Oshima, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiffs and all others similarly situated pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820111. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq*.; and

f) Ordering such other and further relief as this Court deems appropriate and just.

**ANSWER**: Comcast denies that Plaintiffs are entitled to any relief whatsoever, and further denies the allegations contained in the WHEREFORE Paragraph of the Complaint.

## COUNT III
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Individual Claim by Tomeo, Chagoya, and Oshima against
### Comcast, W&E, Chirinos, and Ramirez)

62. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

**ANSWER**: Comcast restates and incorporates by reference its answers to Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.     Defendants were obligated to pay Tomeo, Chagoya, and Oshima (collectively, the "IWPCA Plaintiffs") at the agreed-upon rate(s) for all work that they performed.

**ANSWER**:  Comcast denies the allegations contained in Paragraph 63 of the Complaint.

64.     The rate of pay for any particular installation or repair job at W&E was ranked at level "A," "B," "C," or "D," and varied based on the level, with "A" being the highest piece rate. The IWPCA Plaintiffs agreed with Comcast, W&E, Chirinos, and Ramirez that they would work for the highest rate, grade A.

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 64 of the Complaint.  Comcast denies the allegations contained in the second sentence of Paragraph 64 of the Complaint.

65.     Comcast, W&E, Chirinos, and/or Ramirez lowered the pay grade below A, based upon performance evaluations. Any assignment of a grade lower than "A" constituted a deduction from the "bonus" portion of the IWPCA Plaintiffs' compensation.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 65 of the Complaint.

66.     The manner in which Comcast, W&E, Chirinos, and/or Ramirez lowered pay grades in order to deduct wages is consistent with the description of the Production Bonus Pay Method, which states: "Deductions may be made against this Jobcode Production amount for items that management feels are related to poor performance by the tech."

**ANSWER**:     Comcast lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint regarding the "description of the Production Bonus Pay Method."   Comcast denies the remaining allegations contained in Paragraph 66 of the Complaint.

67. Comcast, W&E, Chirinos, and/or Ramirez moreover had a policy or practice of deducting amounts from their technicians' wages and compensation for equipment that was lost, missing, or damaged, and also for other reasons that appear arbitrary.

**ANSWER**: Comcast denies the allegations contained in Paragraph 67 of the Complaint.

68. Prior to making wage deductions as set forth above, Comcast, W&E, Chirinos, and/or Ramirez did not obtain written consent from their technicians, including the IWPCA Plaintiffs.

**ANSWER**: Comcast denies the allegations contained in Paragraph 68 of the Complaint.

69. As a result of this deduction policy, the IWPCA Plaintiffs were not provided with full compensation during pay periods in which they suffered deductions.

**ANSWER**: Comcast denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendants violated the IWPCA by taking unauthorized deductions from the wages and compensation of the IWPCA Plaintiffs.

**ANSWER**: Comcast denies the allegations contained in Paragraph 70 of the Complaint.

WHEREFORE, Plaintiffs Eduardo Tomeo, Jerardo Chagoya, and Takeo Oshima, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed to the IWPCA Plaintiffs;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

d)     Awarding reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. I 15/14(a);

e)     Entering an injunction precluding Defendants from violating the IWPCA; and

f)     Ordering such other and further relief as this Court deems appropriate and just.

**ANSWER**:    Comcast denies that Plaintiffs are entitled to any relief whatsoever, and further denies the allegations contained in the WHEREFORE Paragraph of the Complaint.

## COUNT IV
## UNJUST ENRICHMENT (against Comcast)

71.    Plaintiffs incorporate the above paragraphs as though fully set forth herein.

**ANSWER**:    Comcast restates and incorporates by reference its answers to Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.    By servicing its customers through the use of contractors and subcontractors, Comcast avoids paying certain employer-related amounts, such as social security contributions, workers' compensation coverage, state disability and unemployment compensation, and other costs and taxes related to the direct employment and compensation of its technicians.

**ANSWER**:    Comcast denies the allegations contained in Paragraph 72 of the Complaint.

73.    Comcast illegally and unjustly shifts these costs of employment to its contractors and subcontractors, despite otherwise exerting the authority and control over the way in which those contractors and subcontractors hire, fire, compensate, route, evaluate, and otherwise employ technicians.

**ANSWER**:    Comcast denies the allegations contained in Paragraph 73 of the Complaint.

WHEREFORE, Plaintiffs Eduardo Tomeo, Jerardo Chagoya, and Takeo Oshima, on behalf of themselves and all Opt-in Plaintiffs, known and unknown, respectfully request that this Court enter an order as follows:

a)      Compensating all Plaintiffs for unpaid or underpaid wages;

b)      Assessing an award of punitive damages against the Defendants;

c)      Awarding Plaintiffs all reasonable attorneys' fees and costs; and

d)      Awarding any other relief as the Court may deem just and proper.

**ANSWER**:     Comcast denies that Plaintiffs are entitled to any relief whatsoever, and further denies the allegations contained in the WHEREFORE Paragraph of the Complaint.

## COUNT V
## CONSPIRACY (against all Defendants)

74.     Plaintiffs incorporate the above paragraphs as though fully set forth herein.

**ANSWER**:     Comcast restates and incorporates by reference its answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75.     All of the Defendants are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of the civil wrongs as alleged in this Second Amended Complaint.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 75 of the Complaint.

76.     Plaintiffs are informed and believe and thereupon allege that each Defendant entered into a conspiracy and agreement with the other Defendants and/or subsequently joined said conspiracy and ratified the prior acts and conduct of the Defendants who had previously entered into said conspiracy.

**ANSWER**:     Comcast denies the allegations contained in Paragraph 76 of the Complaint.

77. For instance, all of the Defendants conspired to allow W&E to continue doing business as TCD, and to continue allowing W&E and TCD to compensate its technicians in a manner that violated federal and state wage law.

**ANSWER**: Comcast denies the allegations contained in Paragraph 77 of the Complaint.

78. All of the Defendants conspired to allow Comcast to avoid employment related costs and liabilities, through a false "contractor" and "subcontractor" setup used to provide Comcast customers with broadband cable services.

**ANSWER**: Comcast denies the allegations contained in Paragraph 78 of the Complaint.

79. In furtherance of the conspiracy, each Defendant committed overt acts and was otherwise a willful participant in the joint activity.

**ANSWER**: Comcast denies the allegations contained in Paragraph 79 of the Complaint.

80. The purpose of this ongoing conspiracy includes, but is not limited to, the wrongs alleged herein (i.e., violation of the federal and state wage laws, and unjust enrichment of Comcast). All Defendants' acts and failure to act as alleged herein were perpetrated in furtherance of the ongoing conspiracy.

**ANSWER**: Comcast denies the allegations contained in Paragraph 80 of the Complaint.

81. The Defendants' unlawful conduct, as described herein, caused the Named and Opt-In Plaintiffs to suffer damages including but not limited to loss of wages.

**ANSWER**: Comcast denies the allegations contained in Paragraph 81 of the Complaint.

82. Upon information and belief, all Defendants knowingly, maliciously, recklessly, and willfully entered into said conspiracy, which continues until this day. Therefore, the Named

Plaintiffs seek an award of punitive damages against the Defendants in order to deter them-and others from engaging in such wrongful conduct in the future.

**ANSWER**:  Comcast admits that Plaintiffs seek punitive damages, but denies that it has engaged in any wrongdoing and denies that Plaintiffs are entitled to any relief whatsoever. Comcast denies the remaining allegations contained in Paragraph 82 of the Complaint.

WHEREFORE, Plaintiffs Eduardo Tomeo, Jerardo Chagoya, and Takeo Oshima, on behalf of themselves and all Opt-In Plaintiffs, known and unknown, respectfully request that this Court enter an order as follows:

a)    Compensating all Plaintiffs for unpaid or underpaid wages;

b)    Assessing an award of punitive damages against the Defendants;

c)    Awarding Plaintiffs all reasonable attorneys' fees and costs; and

d)    Awarding any other relief as the Court may deem just and proper.

**ANSWER**: Comcast denies that Plaintiffs are entitled to any relief whatsoever, and further denies the allegations contained in the WHEREFORE Paragraph of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Comcast Cable Communications Management, LLC, ("Comcast") by its attorneys, hereby asserts the following affirmative and other defenses:

1.    The Complaint and causes of action alleged therein fail to state claims upon which relief can be granted against Comcast on behalf of Plaintiffs or the collective action members.

2.    Some or all of Plaintiffs' claims and the claims of the collective action members are barred to the extent they arose outside the applicable statute of limitations.

3.      Plaintiff's claims and the claims of the collective action members are barred, in whole or in part, to the extent Plaintiff lacks standing to assert some or all of the claims.

4.      Plaintiff's claims and the claims of the collective action members are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Comcast.

5.      Plaintiffs and the collective action members were not employed by Comcast.

6.      If Comcast is found to be a joint employer, which is denied, and to have failed to pay Plaintiffs or any collective action member any amount due, which is denied, Comcast acted at all times on the basis of a good faith and reasonable belief that it had acted in good faith conformity with and in reliance on wage and hour laws and any administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor. Consequently, Comcast's conduct was not willful within the meaning of the laws.

7.      Plaintiffs and the collective action members were either paid overtime or were exempt from overtime requirements pursuant to the FLSA and IMWL.

8.      Plaintiffs' claims and those of the collective action members are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception to liability.

9.      Assuming, arguendo, that Plaintiffs and the collective action members are entitled to any compensation for overtime, any time spent performing any preliminary or postliminary activities must be excluded from any calculation of compensable work hours.

10.      Plaintiffs' claims and those of the collective action members are barred as to all hours allegedly worked of which Comcast lacked actual or constructive knowledge.

11.    Comcast did not make deductions from Plaintiffs or the collective action members pay because Comcast was not an employer and not responsible for paying Plaintiffs or the collective action members.   Even if Comcast did have any control over Plaintiffs' or the collective action members' pay, no deductions were made without the Plaintiffs' or collective action members' consent.

12.    The named Plaintiffs are not "similarly situated" to the class they purport to represent and, as such, cannot bring a collective action under the FLSA.

13.    The types of claims alleged by Plaintiffs on behalf of themselves and the collective action members are matters in which individual questions predominate and, accordingly, are not appropriate for collective action treatment.

14.    Plaintiffs and collective action members are barred from seeking relief to the extent they have failed to mitigate damages, entitlement to which is expressly denied.

15.    Plaintiffs' claims and those of the collective action members are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, and set-off.

16.    If Comcast is found to be a joint employer, which is denied, Plaintiffs'' claims and those of the collective action members are offset by any amounts owed to Comcast, including but not limited to forms of unjust enrichment.

17.    Comcast reserves the right to assert additional defenses that become known through the course of litigation.

WHEREFORE, Comcast respectfully requests that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice, award Comcast its costs and reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: November 1, 2016

Respectfully submitted,

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC


By:  */s/ Stephanie L. Sweitzer*
     One of Its Attorneys

Sari M. Alamuddin
Stephanie L. Sweitzer
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr.
Fifth Floor
Chicago, IL 60601
Tel. 312.324.1000
Fax 312.324.1001
sari.alamuddin@morganlewis.com
stephanie.sweitzer@morganlewis.com

*Attorneys for Defendant Comcast Cable
Communications Management, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing Defendant Comcast Cable Communications Management, LLC's Answer to Plaintiffs' Second Amended Complaint was filed on November 1, 2016, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Alejandro Caffarelli
Lorraine T. Peeters
Alexis D. Martin
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, IL 60604
acaffarelli@caffarelli.com
lpeeters@caffarelli.com
amartin@caffarelli.com
*Attorneys for Plaintiffs*

Anthony R. Burch
Brandon D. McRoyal
Burch & Assoc.
1430 N. Western Ave.
Chicago, IL 60622
aburch@burchlawgroup.com
bmcroyal@burchlawgroup.com
*Attorneys for W&E Communications, Inc.*

Phillip J. Bartolementi
Law Offices of Phillip J. Bartolementi, Ltd.
53 W. Jackson, Ste. 1401
Chicago, IL 60604
pjblegal@hotmail.com
*Attorney for Jorge Chirinos*

Kyle A. Petersen
Cheryl A. Luce
Seyfarth Shaw LLP
131 S. Dearborn St., Ste. 2400
Chicago, IL 60603
kpetersen@seyfarth.com
cluce@seyfarth.com
*Attorneys for Cavo Broadband Communications, LLC*

/s/ Stephanie L. Sweitzer