IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO TOMEO, JERARDO CHAGOYA, JORGE A. RODRIGUEZ, and TAKEO OSHIMA, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>W&E COMMUNICATIONS, INC.; JORGE CHIRINOS, individually; JORGE RAMIREZ, individually; TELECOM CONSTRUCTION DEVELOPMENT LLC; SANDRA MEEK, individually; CAVO BROADBAND COMMUNICATIONS, INC.; and COMCAST COMMUNICATIONS MANAGEMENT, LLC.<br><br>Defendants. | Case No. 14-cv-2431<br><br>**Judge Gary Feinerman**<br><br>Magistrate Judge Daniel G. Martin |

**UNOPPOSED JOINT MOTION
FOR FLSA COLLECTIVE SETTLEMENT APPROVAL**

Plaintiffs and Defendants Comcast Cable Communications Management, LLC ("Comcast") and Cavo Broadband Communications, Inc. ("Cavo") (collectively, the "Parties"), by and through their respective counsel, jointly move the Court to approve the collective (not class) FLSA Section 216(b) settlement agreed to by them and submitted to chambers for *in camera* review. The remaining Defendants do not oppose this Motion. In support of this unopposed joint motion, the Parties state as follows:

1. On October 7, 2016, the Named Plaintiffs filed their Second Amended Complaint against Comcast and Cavo, alleging violations of the Fair Labor Standards Act, violations of the Illinois Minimum Wage Law, violations of the Illinois Wage Payment and Collection Act, unjust enrichment under Illinois common law, and conspiracy under Illinois common law. D.E. 207.

1

2.     Subsequent to the filing of the Second Amended Complaint, the Parties engaged in a significant amount of discovery and related motion practice (in addition to the two rounds of discovery that had already concluded, cross-motions for summary judgment, and other related motion practice).  As the most recent round of discovery progressed, the Parties agreed to revisit settlement discussions.  On April 14, 2017, the Parties participated in a private mediation, which was not successful. However, the parties continued to exchange information and work towards settlement following the mediation.  After arms-length negotiations and the continued exchange of substantive information, the Parties have agreed to a compromise between them in order to avoid the expense, inconvenience, uncertainty, and delay of further litigation.  The Parties have now reached a mutually satisfactory settlement which all sides agree represents a fair and reasonable compromise of any and all of Plaintiffs' claims for alleged overtime wages.  Notably, all Plaintiffs signed opt-in consent forms with Plaintiffs' counsel, and agreed to be bound by this settlement.

3.     When employees bring a private action against their employer for back wages under the FLSA, and the parties present to the district court a proposed settlement, the district court may enter a stipulated judgment dismissing the case after scrutinizing the settlement to ensure that it is a fair and reasonable resolution of a *bona fide* dispute over wages under the FLSA.  See *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

4.     The Settlement Agreement contains a strict confidentiality provision, which is an essential term of the Parties' compromise.  The Parties, therefore, respectfully request that the Court review the Agreement *in camera*, and as such, have provided a copy of the Settlement Agreement and proposed Order Approving Settlement to the Court via electronic mail and hand delivery.  The Parties respectfully request that this Settlement Agreement not become part of the

record in this case.

5. The Parties further jointly request that the Court approve the Settlement Agreement because it is a fair and reasonable resolution of bona fide disputes over wages under the FLSA and the IMWL.

6. In addition, pursuant to the terms of the Settlement Agreement, Parties request that the Court dismiss this case with prejudice and without assessment of costs, upon Plaintiffs' filing of an agreed stipulation of dismissal.

7. With the exception of Jorge Ramirez, whom Plaintiffs were unable to contact, Plaintiffs' counsel provided a copy of this Motion to all parties on June 21, and asked that the non-joining Defendants indicate by 2:00 CT on June 22 whether they intended to oppose the Motion. As of the time of filing, all parties have either joined the motion, indicated that there is no opposition, or failed to indicate that they would oppose the motion. Plaintiffs have no reason to believe that any of the non-joining parties would oppose the Court granting this motion and approving the Settlement Agreement.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that this Court enter an Order approving the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and the IMWL.

[Remainder of this page left intentionally blank]

Dated: June 26, 2017

| | |
|---|---|
| **PLAINTIFFS TOMEO, CHAGOYA, RODRIGUEZ, & OSHIMA**<br><br>By: <u>Lorrie T. Peeters</u><br>Lorrie T. Peeters<br>Alejandro Caffarelli<br>Caffarelli & Associates, Ltd.<br>224 S. Michigan Ave., Ste. 300<br>Chicago, IL 60604<br>***Counsel for Plaintiffs*** | **COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC**<br><br>By: <u>Stephanie Sweitzer</u>*<br>Stephanie L. Sweitzer, Esq.<br>Sari M. Almuddin, Esq.<br>Kevin F. Gaffney, Esq.<br>Morgan, Lewis & Bockius LLP<br>77 W. Wacker Dr.<br>Chicago, IL 60601<br>***Counsel for Comcast***<br><br>**CAVO BROADBAND COMMUNICATIONS, INC.**<br><br>By: <u>Michael Marino</u>*<br>Kyle Anne Petersen, Esq.<br>Cheryl Luce, Esq.<br>Michael Marino, Esq.<br>Alberto Rodriguez, Esq.<br>Seyfarth Shaw<br>131 S. Dearborn St., Ste. 2400<br>Chicago, IL 60603<br>***Counsel for Cavo*** |

**\* With Permission**

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the attached *Unopposed Joint Motion for Settlement Approval* was served upon the parties below via filing electronically via ECF for the Northern District of Illinois on June 26, 2017.

Anthony R. Burch, Esq.
Brandon McRoyal, Esq.
Burch & Assoc.
1430 N. Western
Chicago, IL 60622
*Counsel for W&E*

Stephanie L. Sweitzer, Esq.
Sari M. Almuddin, Esq.
Kevin Francis Gaffney, Esq.
Morgan, Lewis & Bockius LLP
77 W. Wacker Dr.
Chicago, IL 60601
*Counsel for Comcast*

Phillip J. Bartolementi, Esq.
Law Offices of Phillip J. Bartolementi, Ltd.
53 W. Jackson, Ste. 1401
Chicago, IL 60604
*Counsel for Jorge Chirinos*

Kyle Anne Petersen, Esq.
Cheryl Luce, Esq.
Alberto Rodriguez, Esq.
Michael Marino, Esq.
Seyfarth Shaw
131 S. Dearborn St., Ste. 2400
Chicago, IL 60603
*Counsel for Cavo*

The following parties were served via U.S. Mail:

**Sandra Meek**
6825 White Court
Woodridge, IL 60517

**Telecom Construction Development**
2016 N. Western Ave.
Chicago, IL 60647

**Jorge Ramirez**
759 Dalton Lane
Bolingbrook, IL 60490

/s/ Lorrie T. Peeters
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604